**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BENJAMIN W. ESPINOSA; AMERICAN HUMANIST ASSOCIATION, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> JAMES DZURENDA, in his official capacity as Director of the Nevada Department of Corrections; JAMES STOGNER, in his official capacity as Head Chaplain of LCC, <br><br> Defendants-Appellees. | No.  17-17522 <br><br> D.C. No. 3:16-cv-00141-RCJ-WGC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Argued and Submitted August 6, 2019
San Francisco, California

Before:  O'SCANNLAIN, SILER,[**] and NGUYEN, Circuit Judges.

Benjamin W. Espinosa, a Nevada state prisoner, and the American Humanist

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Association challenge the prison's failure to recognize Humanism as a Nevada Department of Corrections Faith Group under the Establishment Clause of the First Amendment and the Equal Protection Clause of the Fourteenth Amendment. During the pendency of this appeal, Defendants officially recognized Humanism as a faith group. Defendants also represented to the court that the recognition is "very permanent" and that Humanism is "entitled to all the same rights and privileges of all other recognized faith groups."[1] Defendants therefore have satisfied their burden under the voluntary cessation doctrine because "subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (internal citations omitted); *see also Fikre v. FBI*, 904 F.3d 1033, 1037 (9th Cir. 2018) (requiring the government to show that a

---

[1] While Defendants admit they have not officially adjudicated Espinosa's Request for Accommodation of Religious Practices Form (DOC-3505) and Faith Group Affiliation Declaration Form (DOC-3503) as they should have done under their own policy, Defendants represented that the official recognition of Humanism as a faith group *automatically* confers certain accommodations, including recognition in the Nevada Offender Tracking Information System ("NOTIS") and storage space for "donated books, printed materials, and other items," such as CDs, pictures, and religious medallions. To the extent that additional accommodations require other forms, such as the Religious Property Request Form (DOC-3528), the Inmate Request for Recognized Holiday Service Form (DOC-3529), the Request for NDOC to Accept Donated Items Form (DOC-4514), and the informal, quicker Inmate Request Form (DOC-3012 or "kite") to the chaplain for meetings, Espinosa's counsel conceded during oral argument that those forms have not been filed.

change in its behavior is "'entrenched' or 'permanent'" to prove mootness (quoting

*McCormack v. Herzog*, 788 F.3d 1017, 1025 (9th Cir. 2015))). We therefore

dismiss this case as moot for lack of a live case or controversy and deny as moot

Defendants' motion to dismiss.[2] U.S. Const. art. III.

**DISMISSED.**

Each party shall bear its own costs on appeal.

---

[2] Plaintiffs argue that the complaint's prayer for nominal damages is sufficient to avoid mootness. By failing on appeal to name any of the Defendants in their personal capacities, Plaintiffs have waived this issue. *See Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986) (stating that we "will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief"). An action under 42 U.S.C. § 1983 "creates no [nominal damages] remedy against the State" and its official actors. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68–69 (1997).